UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERT DAOUST, )<br>                   )<br>       Movant     )<br>v.                           )<br>                   )<br>UNITED STATES OF AMERICA, )<br>                   )<br>       Respondent   ) | 2:13-cv-00357-DBH<br>2:10-cr-00138-DBH |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

On June 20, 2011, Robert Daoust was convicted of possession with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced to 84 months imprisonment. He did not take a direct appeal. On July 16, 2012, he filed a motion to reduce his sentence, but his motion was denied because the District Court Judge determined there was no authority to alter a sentence after it had been imposed. (ECF No. 64.) Daoust then apparently filed a request with the First Circuit Court of Appeals seeking leave to file a second or successive petition. The Court of Appeals noted that Daoust did not require authorization to file a second or successive petition because he had never filed a first petition, the District Court having not "recharacterized" his letter motion as a section 2255 motion. (See ECF No. 66, Judgment of USCA, August 30, 2013.) On September 19, 2013, Daoust filed his first section 2255 motion in this court, ostensibly raising four separate grounds, including a claim under Alleyne v. United States, 133 S. Ct. 2151 (2013), and three interrelated claims of sentencing error relating to drug quantity and other guidelines calculations, none of which is a claim of constitutional dimension other than the Alleyne claim. I now recommend that the court summarily deny the motion.

**Discussion**

The statute imposes a one-year limitation period for section 2255 motions.  28 U.S.C. § 2255(f).  The limitations period is measured from the latest of four dates, the most commonly applicable date being "the date on which the judgment of conviction becomes final."  Id. at 2255(f)(1).  The First Circuit has held that an appealed conviction is final when a petition for certiorari is denied.  Turner v. United States, 699 F.3d 578, 582 (1st Cir. 2012).  Although the First Circuit apparently has not yet decided the issue of when an unappealed judgment is final, the Second Circuit has held that "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); see also Martinez-Serrano v. United States, 3:11-cv-01077-JAF; 3:07-cr-00453-JAF-9, 2012 WL 6016663, at *1, 2012 U.S. Dist. Lexis 171941, at *3-5 (D. P.R. Nov. 30, 2012) (collecting cases and noting that although the Supreme Court and the First Circuit had apparently not yet decided the issue, most if not all other circuit courts that have addressed the issue have held that an unappealed federal criminal conviction is final when the time for filing an appeal expires);  but see Mendoza-Miguel v. United States, 7:10-cv-00205-BO; 7:08-cr-00127-BO-1, 2010 WL 5353970, at *1-2, 2010 U.S. Dist. Lexis 135077, at *3-4 (E.D.N.C. Dec. 21, 2000) (collecting cases and noting that circuit courts are split, citing United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that an unappealed judgment of conviction becomes final on the date the district court enters judgment)).  I follow what appears to be the majority rule that an unappealed conviction is final when the time for filing an appeal has expired.  See Moshier, 402 F.3d at 118.

In this case the judgment was entered on June 20, 2011. The appeal period began the next day, i.e., on June 21, 2011, and expired fourteen days later, on Tuesday, July 5, 2011,[1] pursuant to Fed. R. App. P. 4(b)(1)(A)(i). Thus, the one-year limitations period to file a section 2255 motion started on July 6, 2011, which was the day after the appeal period expired, and it expired on Friday, July 6, 2012, which was the first business day after the anniversary date of the start of the limitations period. See Rules Governing Section 2255 Proceedings 12 (applying the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure to the extent they are not inconsistent with section 2255 or the accompanying rules); Fed. R. Civ. P. 6(a) (addressing time computation); Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir. 2002) ("When a limitations period is measured in years, the last day for instituting the action is traditionally the anniversary date of the start of the limitations period."). Absent either equitable tolling or the applicability of another of the start dates for the statute of limitation, Daoust's section 2255 filing on September 19, 2013, was untimely.

Daoust makes no argument for equitable tolling on the basis that he diligently attempted to file but was prevented by extraordinary circumstances from doing so. Notably, Daoust's various other post-conviction filings and appeals do not operate to toll the statutory limitations period. Although the First Circuit appears not to have decided the issue yet, at least one circuit has held that a defendant's "untimely notices of appeal did not delay the onset of the limitations period." United States v. Terrones-Lopez, 447 Fed. App'x 882, 885 (10th Cir. 2011) (order denying certificate of appealability). By like token, a letter request for reconsideration regarding length of sentence filed 10 days after the expiration of the one-year limitations period and an unnecessary request for leave to file a second or successive petition would not serve to toll the

---

[1] The fourteenth day was actually Monday, July 4, 2011, but Monday was a holiday and thus I have treated the appeal period as extending to July 5, 2011.

3

limitations period. Even if they did operate to toll the limitation period, the motion to reduce sentence was only pending for one day and the motion for leave to file a second or successive section 2255 petition, denied in August 2013, bears a docket number indicating it was not filed until sometime in 2013, well after the statute of limitations had expired.

In order to avoid this obvious statute of limitations problem, Daoust argues that the start date for his one-year period should be June 17, 2013, the date the United States Supreme Court decided Alleyne. Daoust makes this claim because 28 U.S.C. § 2255(f)(3) provides that the one-year statute of limitation begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." There are two problems with Daoust's position. First, the majority of courts that have considered the question of whether Alleyne should be applied retroactively have concluded that it is not retroactively applicable. See In re Payne, __F.3d __, 2013 WL 5200425, 2013 U.S. App. Lexis 19194 (10th Cir. Sep. 17, 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

The second, and perhaps even more insurmountable problem for Daoust, at least in terms of whether or not this case should be summarily dismissed, is that the issue he is raising is not an Alleyne issue at all. The Alleyne court held that any fact that increases the *mandatory minimum sentence* for a crime is an element of the crime, not a sentencing factor, and it must be submitted to the jury, specifically overruling the prior case of Harris v. United States, 536 U.S. 545 (2002). Alleyne, 133 S. Ct. at 2155. Daoust was charged with an offense that had a potential maximum period of imprisonment of not more than 20 years under 21 U.S.C. § 841(b)(1)(C), which makes no mention of any mandatory minimum. Based upon a total offense level of 25 and a criminal history category of VI, the advisory guideline range for imprisonment was 110 to 137 months.

(PSR ¶ 58.) The Government moved for a downward departure and Daoust received the eighty-four months of imprisonment. Daoust's claimed sentencing errors—related to use of a firearm enhancement and the method of computing the drug amounts based on the large amount of cash found on his person—relate solely to sentencing factors, not to elements of the crime within the meaning of Alleyne. Contrary to Daoust's view, any fact that increases the penalty for a crime is not an "element" of the crime that must be found by a jury beyond a reasonable doubt. (Petition at 5, Ground One.) Neither Alleyne nor its predecessors have so held. The issues raised by those cases are limited to whether the statutorily required maximum sentence is increased or a mandatory minimum sentence is in play. Neither scenario is present in this case. The Court in this case imposed a sentence well below the statutory maximum of 240 months and well within its discretion under applicable advisory guidelines.

## Conclusion

For the reasons set forth above, I recommend that the Court summarily deny this 28 U.S.C. § 2255 motion and recommend that the Court deny a certificate of appealability.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 26, 2013

/s/Margaret J. Kravchuk
U.S. Magistrate Judge